IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NICOLAS SANCHEZ-GARCIA, | § | |
|     Movant, | § | 3:16-cv-1912-G (BT) |
| v. | § | 3:04-cr-0014-G (BT) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Nicholas Sanchez-Garcia, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should dismiss this action because it is barred by the statute of limitations.

I.

On September 13, 2004, a jury convicted Movant of unlawful reentry into the United States after removal. Movant's guideline range was enhanced 16 levels under U.S.S.G § 2L1.2 because he was removed after he was convicted of a crime of violence, *see* PSR ¶ 21, and the Court sentenced him to 100 months imprisonment. Movant filed a direct appeal. *United States v. Sanchez-Garcia*, 166 Fed. Appx. 133, 133 (5th Cir. 2006). While the appeal was pending, the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005), holding that the mandatory sentencing guidelines were unconstitutional. In view of

1

*Booker*, the Fifth Circuit vacated Movant's sentence and remanded for the Court to impose a new sentence based on advisory-only guidelines. *See Sanchez-Garcia*, 166 F. App'x at 133-34.

On remand, the Court treated the guidelines as advisory and again sentenced Movant to 100 months imprisonment. The Fifth Circuit affirmed. *United States v. Sanchez-Garcia*, 216 F. App'x 424, 425 (5th Cir. 2007). Movant did not file a petition for writ of certiorari.

On January 4, 2016, Movant filed a § 2255 motion, which the Court dismissed as time-barred. *Sanchez-Garcia v. United States*, No. 3:16-cv-638-G (N.D. Tex. May 17, 2017). While the first § 2255 motion was pending, Movant filed a motion under 28 U.S.C. § 2241 in the United States District Court for the Southern District of Indiana. The Indiana court construed that motion as a § 2255 motion and transferred it here. The second motion is not successive because it was filed while Movant's first § 2255 motion was still pending.[1]

Movant argues that the 16-level enhancement of his sentence under U.S.S.G. § 2L1.2 was unlawful because the definition of "crime of violence" under the sentencing guidelines is unconstitutionally vague under *Johnson v. United States*, 135 S. Ct. 2551 (2015). On October 17, 2018, the government filed its response arguing the motion is time-barred. Movant did not file a reply.

---

[1]      Movant has also filed two successive § 2255 motions without first seeking the necessary authorization from the Fifth Circuit. *See Sanchez-Garcia v. United States*, No. 17-cv-3367-G (BH) (N.D. Tex) and *Sanchez-Garcia v. United States*, No. 3:18-cv-2626-G-(BH) (N.D. Tex.).

II.

## A.     Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996

establishes a one-year statute of limitations for federal habeas proceedings.

*See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L.

104-132, 110 Stat. 1214 (1996) ("AEDPA"). The statute provides that the

limitations period shall run from the latest of:

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Petitioner was prevented from filing by such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255(f).

In most cases, the limitations period begins to run when the judgment

becomes final. *See* 28 U.S.C. § 2255(f)(1). Here, the Fifth Circuit affirmed

Movant's conviction and sentence on February 7, 2007. He did not file a petition

for writ of certiorari. His conviction therefore became final 90 days later, on May

8, 2007. *See* Sup. Ct. R. 13. Movant then had one year, or until May 8, 2008, to file his § 2255 motion. But, he did not file his motion until May 6, 2016. His claim is therefore untimely under § 2255(f)(1).

Movant's claim is also untimely under § 2255(f)(3), which states the limitations period runs from the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Movant relies on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), to support his claim. In *Johnson*, the Supreme Court considered the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), which defines "violent felony" to include any felony that "involves conduct that presents a serious potential risk of physical injury to another." (*Id.*) The Court found the residual clause to be unconstitutionally vague. Although Movant was not sentenced under the ACCA, he argues that his enhancement under U.S.S.G. § 2L1.2 is likewise unconstitutional because of its similar definition for a crime of violence.

Movant's claim is foreclosed by the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886, 892 (2017). *Beckles* held that the sentencing guidelines are not subject to a challenge for vagueness. The Court stated:

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not

> subject to a vagueness challenge under the Due Process
> Clause.

*Id.*; *see also*, *United States v. Goya*, 890 F.3d 531, 539 (5th Cir. 2018) (finding definition of "crime of violence" in U.S.S.G. § 2L1.2 is not unconstitutionally vague after *Dimaya v. Sessions*, 138 S. Ct. 1204 (2008)). Movant's claim is therefore untimely under § 2255(f)(3).

B.    **Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Movant has not alleged that he is entitled to equitable tolling. He also has pleaded no facts showing that he was misled by the government or prevented in

some extraordinary way from asserting his rights. He is therefore not entitled to equitable tolling.

## III.

For the foregoing reasons, the motion to vacate, set-aside, or correct sentence under § 2255 is barred by the statute of limitations and this action should be dismissed.

Signed February 11, 2019.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).